*ω·Hq*

ORIGINAL

JOHN HARRIS PAER, ESQ.    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

CHRISTIAN P. PORTER
BROOKS TOM PORTER & QUITIQUIT, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 526-3011
Facsimile:  (808) 523-1171
email: cporter@btpqlaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 26 2007

at ___ o'clock and *25* min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN M. NARVAES and ELENA V. NARVAES,<br><br>        Plaintiffs,<br><br>    vs.<br><br>EMC MORTGAGE CORPORATION and FREMONT INVESTMENT AND LOAN,<br><br>        Defendants. | CIVIL NO. **CV07 00621 HG LEK**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A - E"; SUMMONS; |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

        COME NOW Plaintiffs, by and through their undersigned

attorney and allege as follows:

INTRODUCTION

        1.   This Complaint is filed and these proceedings are

instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601,

et seq., to rescind, recover actual and statutory damages,

reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiffs seek actual and statutory damages arising out of Defendants' misrepresentations and improper disclosures.

### JURISDICTION

2.   The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapter 480 of the Hawaii Revised Statutes. Jurisdiction of the state claim is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

### PARTIES

3.   Plaintiffs are natural persons and are residents and citizens of the State of Hawaii.

4.   Defendants EMC Mortgage Corporation (hereinafter "EMC") and Fremont Investment and Loan (hereinafter "Fremont") are foreign corporations doing business in the State of Hawaii.

5.   There is complete diversity between the Plaintiffs and the Defendants, and the amount in controversy is greater than $75,000.00.

6.   Blake Sato (hereinafter "Sato"), Ivonne Machado (hereinafter "Machado") and Nicole Buendia (hereinafter "Buendia") are individuals and natural persons and are residents of the State of Hawaii, and all were employees and/or agents of 808 Home Mortgage, Inc. (hereinafter "808") during all times relevant herein.   Sato was the principal broker of 808 and was the supervisor of Machado and Buendia during all times relevant herein.

7.   Sato, Machado, Buendia and 808 were all dual agents for both Plaintiffs and Defendants at all relevant times herein.

## FACTS

8.   Within the year prior to the filing of this action, Defendants EMC and Fremont, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

9.   Prior to November, 2007, Buendia approached Plaintiffs and represented herself as a mortgage solicitor and/or mortgage broker representing both the broker and the lender.

10.  Buendia told Plaintiffs that she could assist them with refinancing their home at an initial rate of 8.8% for six months and that she would then further refinance the $650,000.00 mortgage to a fixed rate loan at a rate between 5.5% and 5.875% for a 30 year period with monthly payments of approximately $2800.00.

11.   In reliance on those promises and representations, Plaintiffs agreed.   Plaintiffs reasonably relied on those promises and representations and were justified in their reliance.

12.   Buendia brought closing documents to Plaintiffs' home and had Plaintiffs sign those documents at their home on or about November 21, 2007.

13.   None of the documents were signed before a notary public and no notary book was signed by Plaintiffs.

14.   On or about November 21, 2006, Plaintiffs entered into that loan transaction with Fremont.

15.   Buendia did not explain any of the documents to Plaintiffs nor did Plaintiffs receive copies of any documents that they signed.

16.   The only people present at the closing were Plaintiffs and Buendia.   Machado was not present and Plaintiffs did not sign any documents in the presence of Machado.

17.   Prior to the elapse of six months after the closing, Plaintiffs attempted to contact Buendia to refinance their loan as promised, but Buendia did not return their calls.

18.   In middle July, 2007, Plaintiffs received a letter dated July 13, 2007 from Fidelity National Title with an enclosed Final HUD-1 and a recorded copy of the mortgage.   These were the only documents Plaintiffs have ever received regarding this transaction.

19.   At that time, Plaintiffs first learned that a brokerage fee of 2.5466% was paid to 808 in the amount of $16,553.00, and that an appraisal fee of $520.00 had been reimbursed to 808 even though Plaintiffs had paid Buendia $550.00 for the appraisal.

20.   Plaintiffs also discovered that the was a prepayment penalty of $22,000.00 in connection with this loan.

21.   Upon information and belief, Sato was specifically warned not to work with Buendia on or about September, 2006.

22.   The above debt was incurred primarily for personal, family, or household purposes.

23.   The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

24.   Upon information and belief, Defendant EMC Mortgage Corporation is the present owner and holder of the above described note and mortgage.

25.   On November 9, 2007, Plaintiffs, through their counsel, via certified mail, sent a letter to Fremont which stated that Plaintiffs were rescinding the above described loan.  A true copy of that letter is attached hereto as Exhibit "A".

26.   Fremont received that letter on November 20, 2007.

27.   On December 11, 2007, Fremont sent a letter to Plaintiffs' counsel stating that it could not provide any information without prior written consent of the borrowers.  A true copy of that letter is attached hereto as Exhibit "B".

28.   On December 12, 2007, Plaintiffs, through their counsel, sent a letter to Defendant, EMC Mortgage Corporation, stating that Plaintiffs were rescinding the above described loan. A true copy of that letter is attached hereto as Exhibit "C".

29.   EMC has declined rescission and threatened to foreclose immediately upon Plaintiffs' home as per its letters of December 11 and 20, 2007.   A true copy of those letters are attached hereto as Exhibits "D" and "E" (without attachments).

30.   Plaintiffs again hereby rescind the above-described loan, and all other transactions they had or have with each Defendant.

31.   Plaintiffs will be irretrievably harmed if Defendants refuse to rescind the loan and proceed with collection of the loan and/or foreclosure upon their home.

<u>COUNT I</u>

32.   Plaintiffs reallege and incorporate paragraphs 1 through 31 of this Complaint.

33.   Defendants Fremont and EMC have violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

       (a)   the Annual Percentage Rate,

       (b)   the Finance Charge,

       (c)   the Amount Financed,

       (d)   the Total of Payments and Payment Schedule,

(e)   the Security Interest,

(f)   the Notice of Right To Rescind, and

(g)   by failing to honor Plaintiffs' rescission request to rescind the loan transaction.

34.   Plaintiffs have suffered serious personal as well as pecuniary injury and emotional harm as a result of Defendants Fremont's and EMC's actions as described above.

<u>COUNT II</u>

35.   Plaintiffs reallege and incorporate paragraphs 1 through 34 of this Complaint.

36.   Defendants have violated Chapter and 480 of the Hawaii Revised Statutes as alleged above.

37.   Defendants' violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

38.   The false representations as to the terms of the loan, the failure to give documents timely, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, in violation of H.R.S. Chapter 480.

39.   Defendants' failure to give to Plaintiffs a Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

40. Defendant' refusal to honor Plaintiffs' rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

41. As a result, Plaintiffs have suffered injury to their property in an amount to be proved at trial, and are entitled to, among other things, rescission, treble damages, interest and attorneys fees and costs.

WHEREFORE, Plaintiffs pray that the Court:

AS TO COUNT I

1. Award Plaintiffs their actual damages as will be proved at trial along with $2000.00 statutory damages;

2. Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, their security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and order Defendants immediately to return to Plaintiffs all finance charges paid pursuant to that credit transaction, and direct that Plaintiffs have no further obligation of payment to Defendants, their servicer or their agents.

4. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5.   Order Defendants to delete any adverse information regarding Plaintiffs that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

AS TO COUNT II

6.   Award Plaintiffs damages in the amount of three times the injury to their property, but not less than $1,000.00 each;

7.   Declare the above transaction null and void.

8.   Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and direct that Plaintiffs have no further obligation of payment to Defendants.

9.   Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10.   Order Defendants to delete any adverse information regarding Plaintiffs that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

AS TO ALL COUNTS

11. Declare Defendants' security interest in the subject property void, and enjoin Defendants from taking any action towards collection of the loan and/or foreclosure of their security interest in the subject property;

12. Award Plaintiffs their attorneys' fees and costs of Court.

13. Award Plaintiffs such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, _December 26, 2007_ .


JOHN HARRIS PAER
CHRISTIAN P. PORTER
Attorneys for Plaintiffs