IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN M. NARVAES and ELENA V. NARVAES, | CIVIL NO. 07-00621 HG-LEK |
| Plaintiffs, | |
| vs. | |
| EMC MORTGAGE CORPORATION and FREMONT INVESTMENT AND LOAN, | |
| Defendants, | |
| and | |
| FREMONT INVESTMENT AND LOAN, | |
| Third-Party Plaintiff, | |
| vs. | |
| 808 HOME MORTGAGE INC., FIDELITY NATIONAL TITLE INSURANCE, | |
| Third-Party Defendants. | |

**ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS**

On February 20, 2009, Plaintiffs Benjamin M. Narvaes and Elena V. Narvaes (collectively "Plaintiffs") filed a Motion to Consolidate Actions ("Motion") in each of the following cases: Narvaes v. EMC Mortgage Corp. et al., CV 07-00621 HG-LEK ("Narvaes v. EMC"); and Narvaes v. Wells Fargo Bank, N.A., et al., CV 08-00584 DAE-KSC ("Narvaes v. Wells Fargo"). EMC Mortgage Corporation ("EMC") and Fremont Investment and Loan

("Fremont")[1] filed a memorandum in opposition to the Motion on April 9, 2009.  Wells Fargo Bank, N.A. ("Wells Fargo")[2] filed a memorandum in opposition on April 10, 2009.  808 Home Mortgage Inc. ("808 Mortgage")[3] filed a statement of no opposition on March 4, 2009.[4]  Plaintiffs filed their reply on April 17, 2009.

This matter came on for hearing on April 29, 2009.  Appearing on behalf of Plaintiffs was John Harris Paer, Esq.  Appearing on behalf of EMC and Fremont were Jade Ching, Esq., and Laura Couch, Esq.  Appearing on behalf of 808 Mortgage and Blake Sato was Harvey Henderson, Jr., Esq.  Appearing on behalf of Wells Fargo was Melissa Lambert, Esq.  Finally, appearing on behalf of Ivonne Machado[5] was James Stanton, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The instant case arises from a home mortgage loan that

---

[1] EMC and Fremont are only parties in Narvaes v. EMC.

[2] Wells Fargo is only a party in Narvaes v. Wells Fargo.

[3] 808 Mortgage is a party in both Narvaes v. EMC and Narvaes v. Wells Fargo.

[4] The Court notes that at the hearing on the Motion, 808 Mortgage changed its position and stated that it supported consolidation.

[5] Mr. Sato and Ms. Machado are parties only in Narvaes v. Wells Fargo.

Plaintiffs obtained from Fremont in November 2006.  According to Plaintiffs, Nichole K. Buendia,[6] the purported mortgage broker and the alleged agent of 808 Mortgage, Fremont and EMC, promised an initial rate of 8.8% for six months, and a subsequent refinance of the $650,000.00 mortgage to a thirty-year fixed-rate mortgage with a rate between 5.5% and 5.875%.  Ms. Buendia conducted the signing of the loan documents in Plaintiffs' home, without the presence of a notary, and without explaining or providing the loan documents to Plaintiffs.  In the six months after the closing, Plaintiffs attempted to contact Buendia about the refinancing she promised, but she did not return their calls.

   Upon receiving selected loan documents some eight months later, Plaintiffs learned of various fees and penalties that were not disclosed to them.  Plaintiffs later contacted Fremont and EMC, which Plaintiffs believed was the current owner and holder of the loan, and attempted to rescind the loan.  Both Fremont and EMC refused rescission, and EMC threatened to immediately foreclose on Plaintiffs' home.  On December 26, 2007, Plaintiffs filed their Complaint for Damages and Injunctive Relief in Narvaes v. EMC ("EMC Complaint").  The EMC Complaint alleges the following claims: violation of the Truth in Lending Act ("TILA"); and unfair and deceptive acts or practices in violation of Haw. Rev. Stat. Chapter 480.  On November 15, 2008,

---

[6] Ms. Buendia is a party in only Narvaes v. Wells Fargo.

Fremont filed its Answer, along with a Third Party Complaint against, *inter alia*, 808 Mortgage.  In its June 13, 2008 Answer, 808 Mortgage included a Counterclaim against Fremont.  Trial in Narvaes v. EMC is set for August 4, 2009.  The dispositive motions deadline was March 4, 2009, and the discovery deadline is June 5, 2009.

In the course of Narvaes v. EMC, Plaintiffs learned that Wells Fargo was the current owner and holder of the loan.  On December 29, 2008, Plaintiffs filed their Complaint for Damages and Injunctive Relief in Narvaes v. Wells Fargo ("Wells Fargo Complaint").  The other defendants in Narvaes v. Wells Fargo are 808 Mortgage, Ms. Buendia, Mr. Sato, and Ms. Machado.[7] Narvaes v. Wells Fargo is based upon the same set of facts as Narvaes v. EMC, except that Wells Fargo is now identified as the owner and holder of the loan.  Wells Fargo's February 6, 2009 Answer included a crossclaim against the other defendants in Narvaes v. Wells Fargo.  The Wells Fargo Complaint alleges the same claims as the EMC Complaint.  808 Mortgage's March 19, 2009 Answer included a crossclaim against Wells Fargo, Ms. Buendia, and Ms. Machado.  Mr. Sato's April 28, 2009 Answer included a crossclaim against Wells Fargo, Ms. Buendia, and Ms. Machado.  Trial in Narvaes v. Wells Fargo is set for April 10, 2010.  The

---

[7] Mr. Sato was allegedly the principal broker of 808 Mortgage and was Ms. Buendia's and Ms. Machado's supervisor.  Ms. Machado was the notary who signed Plaintiffs' loan documents.

dispositive motions deadline is November 18, 2009, and the discovery deadline is February 19, 2010.

## DISCUSSION

A court may order consolidation if the actions "involve a common question of law or fact[.]"  Fed. R. Civ. P. 42(a). Under Rule 42(a), a court has broad discretion to consolidate cases pending in that district.  See Investors Research Co. v. United States Dist. Court for Cent. Dis. of Cal., 877 F.2d 777 (9th Cir. 1989).  Such discretion, however, is not unfettered. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). The court should weigh the time and effort that consolidation would save against any inconvenience, delay, or expense it would cause.  See Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).  In particular, the court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (alterations in original) (citations omitted).

Insofar as the two cases arise from the same facts and allege the same causes of action, this Court finds that there are common questions of law and fact.  Thus, consolidation would be

within the Court's discretion.  This Court, however, finds that consolidation is not appropriate in these cases.

Of primary concern to this Court is the advanced litigation stage of Narvaes v. EMC.  Trial is set in a little more than three months, the dispositive motions deadline has passed, and the discovery deadline is approximately one month away.  In contrast, trial in Narvaes v. Wells Fargo is approximately one year from now.  The dispositive motions deadline is November 18, 2009, and the discovery deadline is February 19, 2010.  If the cases were consolidated, applying the schedule in Narvaes v. EMC would be unduly prejudicial to the parties in Narvaes v. Wells Fargo, and applying the schedule in Narvaes v. Wells Fargo would unduly delay the resolution of Narvaes v. EMC.

The Court acknowledges that some of the parties and witnesses will be involved in both trials and the multiple trials will be more expensive and more time consuming for them.  However, after consultation with the district judge, see In the Matter of Motions to Consolidate, Order, filed June 8, 2006, this Court finds that consolidation is not appropriate.

## **CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion to Consolidate Actions, filed February 20, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 30, 2009.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BENJAMIN M. NARVAES, ET AL. V. EMC MORTGAGE CORPORATION, ET AL; CIVIL NO. 07-00621 HG-LEK ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS**